UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN MCGRATH,

      Plaintiff,

v.             C.A. No.:

COSENTINI ASSOCIATES, INC.,
TETRA TECH, INC., and DOUGLAS
MASS,

      Defendants.

## COMPLAINT

Plaintiff, Kevin McGrath, files this complaint to recover for more than $225,000 as to unpaid overtime and for wrongful termination in violation of public policy.

## PARTIES

1. Kevin McGrath is an individual who resides at 32 Follette Street, Grafton, Massachusetts.

2. Cosentini Associates, Inc. ("Cosentini") is a corporation with a place of business located at One Kendall Square, Cambridge, Massachusetts.

3. Tetra Tech, Inc. ("Tetra Tech") is a publicly traded corporation with a place of business located at 3475 E. Foothill Boulevard, Pasadena, California. Tetra Tech owns, controls and manages Cosentini.

4. Douglas Mass is the president of Cosentini Associates, Inc.

## JURISIDICTION AND VENUE

5. Jurisdiction exists as to the use under 28 U.S.C. § 1331.

6. Venue is appropriate pursuant to 28 U.S.C. § 1392(b).

## ALLEGATIONS

7. Mr. McGrath worked for Cosentini for twenty-three years. He began working for the company when he had been eighteen years old. He had been in high school at that time.

8. In September 2012, Mr. McGrath filled a position as to Plumbing/Fire Protection. At that time he voiced various complaints as to inappropriate activities the company had caused him to engage. The company ignored his complaints and simply did not wish to tolerate them.

9. One of Mr. McGrath's complaints concerned code violations which the company's Senior Vice President, Vladimir Yarmarkovich, had caused him to incorporate into plans concerning the construction of a lab facility in Texas.

10. The customer had been ExxonMobil. The client had asked that no acid neutralization system be placed in the laboratory.

11. Mr. McGrath knew that the building and plumbing codes mandated the installation of such a system. Such systems neutralize acids and other chemicals before they flow into the relevant drain and associated sewage system.

12. The neutralization process is designed to avoid serious health impacts resulting from the placement of acids and other chemicals in the laboratory's drains.

13. That neutralization system had been critical as to the construction of the ExxonMobil laboratory. That laboratory would be handling extremely toxic acids and chemicals. They had been so strong that they could cause structural or degrading damage to materials and surfaces in which they came in contact.

14. In fact, the acids and chemicals had been so dangerous that ExxonMobil would store these in facility located off-site out of concern that they could impose damage if stored at the laboratory. Such acids and chemicals include carcinogens.

15. When Mr. McGrath complained to others as to the absence of the system, Mr. Yarmarkovich then tried to blame Mr. McGrath for the omission.

16. Mr. Yarmarkovich's actions not only had been dishonest but an obvious attempt by an executive to shift the blame to a subordinate only as part of an effort to avoid criticism and perhaps discipline for an irresponsible decision.

17. Mr. McGrath encountered a similar dialogue as to the eye wash/emergency shower system to be installed at the laboratory. The codes required the use of tempered water. Mr. Yarmarkovich resisted such use because the client did not wish to do so. Again Mr. McGrath objected.

18. Thereafter, executives of Defendants met with Mr. McGrath.

19. They then indicated that his performance as to the Exxon Mobil project had been unacceptable.

20. Mr. McGrath had done nothing wrong as to that project.

21. In fact, the owner of Cosentini had told Mr. McGrath just days before the meeting that he had been doing a great job. Mr. McGrath always had received compliments as to his work. He had worked for the company for twenty-three years. He had been a stellar performance.

22. The only issue had been his appropriate reporting of code violations.

23. His termination had been in retaliation of him reporting those violations.

24. The defendants simply wished to incorporate those violations to accommodate the wishes of the client.

### Defendants' Additional Ground for Termination

25. Nearly one month before, Mr. McGrath had informed the defendants that he no longer would participate in conduct which he knew to be inappropriate.

26. The defendants had not been happy as to that response.

27. Accordingly, they wished to terminate Mr. McGrath for that reason as well. They also informed him of that ground at the meeting in which they terminated him.

28. Mr. McGrath's termination placed him into a difficult position financially.

29. He is separated from his wife. He, however, possesses custody of his children. Accordingly, he needs to support them.

30. The loss of his job caused the loss of his income.

31. As a result, his ability to support his children has been diminished to a serious and unacceptable extent.

32. Mr. McGrath cannot remedy the deficiency because he has been unable to locate a new job dispute diligent efforts to do so.

### Refusal to Pay Overtime.

33. Cosentini also continuously caused Mr. McGrath to work more than forty hours each week. He invested at least eight hours of overtime each week.

34. At his hourly rate of pay, he had been entitled to overtime at the rate of $64 per hour. Accordingly, he had been entitled to receive at lest an additional $512 each week.

35. Over the past three years he had been deprived of a total of more than $57,000. When tripled under the Massachusetts unpaid wage statutes, Mass. Gen. Laws Ch. 149, §§148, 150 and Mass. Gen. Laws Ch. 150, § 1A, Mr. McGrath is entitled to recovery of more than $170,000.

### Count I
### (Violation of Mass. Gen. Laws Ch. 150, § 1A))

36. Plaintiff incorporates the allegations of paragraphs 1 through 35 as if fully set forth herein.

37. Defendants have failed to pay Mr. McGrath more than $57,000.

38. Mr. McGrath is entitled to such payment.

39. As a result, Mr. McGrath is entitled to an amount exceeding $170,000 plus payment of his attorney's fees.

### Count II
### (Violation of Mass. Gen. Laws Ch. 149, §§148, 150)

40. Plaintiff incorporates the allegations of paragraphs 1 through 39 as if fully set forth herein.

41. Defendants have failed to pay Mr. McGrath more than $44,000.

42. Mr. McGrath is entitled to such payment.

43. As a result, Mr. McGrath is entitled to an amount exceeding $130,000 plus payment of his attorney's fees.

### Count III
### (Fair Labor Standards Act, 29 U.S.C. § 201)

44. Plaintiff incorporates the allegations of paragraphs 1 through 43 as if fully set forth herein.

45. Defendants have failed to pay Mr. McGrath overtime wages exceeding $57,000.

46. Mr. McGrath is entitled to such payment.

47. As a result, Mr. McGrath is entitled to an amount exceeding $114,000 plus payment of his attorney's fees.

Count IV
(Breach of Contract – Wrongful Termination in Violation of Public Policy)

48. Plaintiff incorporates the allegations of paragraphs 1 through 47 as if fully set forth herein.

49. Defendants had an obligation to retain Mr. McGrath after he complained as to illegal actions committed by the defendants as to the safety of the facility and its deficiencies.

50. Defendants had an obligation to retain Mr. McGrath after he complained of being forced to engage in inappropriate actions.

51. Defendants terminated Mr. McGrath because he lodged such complaints.

52. As a result, the defendants terminated him in violation of public policy.

53. As a result, he is entitled to damages in an amount exceeding $90.000.

WHEREFORE, Mr. McGrath prays that the Court:

1. Enter judgment in favor of Kevin McGrath and against Defendants on Count I in an amount exceeding $170,000.

2. Enter judgment in favor of Kevin McGrath and against Defendants on Count II in an amount exceeding $130,000.

3. Enter judgment in favor of Kevin McGrath and against Defendants on Count III in an amount exceeding $114,000.

4. Enter judgment in favor of Kevin McGrath and against Defendants on Count IV in an amount exceeding $90,000.

5. Award Plaintiff his attorney's fees.

6. Award Plaintiff his interest and costs, which include attorney's fees.

7. Award such other and further relief as the court deems appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

KEVIN MCGRATH,

By his attorney,

LAW OFFICE OF CHRISTOPHER J. TROMBETTA

/s/ Christopher J. Trombetta
Christopher J. Trombetta (BBO# 556923)
310 North Main Street, Suite 6
Mansfield, MA  02048
(508) 339-5900 – Phone
(508) 339-3111 – Facsimile
chris@trombettalaw.com

Dated:  April 23, 2013